UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICHOLAS DAYTER,

                              Plaintiff,
      - v -                                          Civ. No. 9:20-CV-1151
                                                             (GTS/DJS)
EMILY KALLAY, *et al.*,
                              Defendants.
_____

**APPEARANCES:**                                      **OF COUNSEL:**

NICHOLAS DAYTER
Plaintiff, *Pro Se*
Schenectady, New York 12309

HON. LETITIA JAMES                         MATTHEW GALLAGHER, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

     *Pro se* Plaintiff Nicholas Dayter brought this action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. Dkt. No. 1, Compl. Presently pending is a Motion to Dismiss filed by Defendants based on Plaintiff's failure to prosecute this matter, including his failure to be deposed. Dkt. No. 37. The Motion was filed in April 2022, but Plaintiff has filed no response.

1

## I. DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 41

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. FED. R. CIV. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The Court must view the Motion "in light of the record as a whole." *Id.*

Upon consideration of the standards articulated in *Lewis* and *Lucas*, the Court recommends that the Motion be granted. Plaintiff's failure to prosecute and comply with

the Court's procedural rules and orders have caused significant delay. Plaintiff has failed to respond to communication from Defendants' counsel regarding the scheduling of a deposition. Dkt. No. 37-1, Gallagher Affirm. at ¶¶ 9 & 11-12. At the request of Defendants' counsel, the Court scheduled a telephone conference to address Plaintiff's failure to coordinate a deposition. Plaintiff failed to appear at that conference. Text Minute Entry for Feb. 23, 2022. The Court then issued an Order directing Plaintiff to contact the Court with updated contact information and directed Plaintiff to comply with his discovery obligations. Dkt. No. 32. Plaintiff did not comply with the Order to provide contact information.

Defendants' inability to communicate with Plaintiff has made it impossible to conduct discovery or to depose Plaintiff. That inability clearly prejudices Defendants' ability to defend the case. *Reid v. Russell*, 2020 WL 1250427, at *2 (N.D.N.Y. Feb. 12, 2020), *report and recommendation adopted*, 2020 WL 1245405 (N.D.N.Y. Mar. 16, 2020); *Chavis v. S. Ryan*, 2008 WL 4934605, at *3 (N.D.N.Y. Nov. 13, 2008). Defendants are likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. *Reid v. Russell*, 2020 WL 1250427, at *2.

The Court has had no communication from Plaintiff since November 25, 2020. Dkt. No. 11. Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and comply with Court deadlines and the consequences of his

3

failure to comply. *See* Dkt. No. 12 at p. 25. He has also been afforded notice that his failure to sit for a deposition could result in sanctions, including dismissal of the action. Dkt. No. 32 at p. 2. Given Plaintiff's refusal to engage in the discovery process to date or respond to this Motion, it appears that any further warnings to Plaintiff would fall on deaf ears. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case and weighs in favor of the dismissal of this action. Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the meaningful ability to communicate with Plaintiff, however, there is no way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been and is not likely to be fruitful, since he has failed to do so for some months now.

In sum, the Court recommends that this action be dismissed.

## II.   CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion to Dismiss (Dkt. No. 37) be **GRANTED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action. The Report-Recommendation shall be served upon Plaintiff at his last known address.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS**[1]  **WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993).

Date:  October 4, 2022
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).